IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Respondent, | ) | |
| v. | ) | Case Nos. CIV-15-1083-R; |
| | ) | CR-12-247-R |
| SERGIO GARCIA-RIVAS, | ) | |
| Defendant-Movant. | ) | |

## ORDER

Before the Court is Petitioner Sergio Garcia-Rivas' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). For the reasons that follow, his motion is DENIED.

### I. Relevant Background

Petitioner was indicted by a Grand Jury for his alleged participation in a drug trafficking scheme. Petitioner signed a plea agreement wherein he pled guilty to one of several counts, distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Doc. No. 201. As part of his plea agreement, Petitioner stipulated that he was "accountable for two pounds of actual methamphetamine." Doc. No. 201 at ¶ 7. Further, Petitioner acknowledged that, *inter alia*, he could face a maximum penalty of life imprisonment and a mandatory minimum sentence of 10 years. *Id.* at ¶ 3. Petitioner also agreed to waive certain rights:

> . . . [Petitioner] also understands the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. [Petitioner] further

1

> understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give him the right to appeal the judgment and sentence imposed by the Court. *Acknowledging all this, [Petitioner] in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to: (a) Appeal or collaterally challenge his . . . sentence . . . ; (b) Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court . . . provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case . . . ."*

*Id.* at ¶ 8 (emphasis supplied).

After the plea agreement but before sentencing, the United States Probation office released a revised presentence investigation report (PSR). The PSR recommended holding Petitioner accountable for 44.09 kilograms of methamphetamine. In light of this quantity and Petitioner's criminal history, the PSR recommended a guideline range of 235 to 293 months' imprisonment. Petitioner objected to the PSR's recommendation.

The undersigned sustained Petitioner's objection and abided by the parties' plea agreement. Based on the drug quantity stipulated to in the plea agreement, its recommendation for a two-level reduction for acceptance of responsibility, and Petitioner's criminal history, the Court determined that the total offense level was 33 and advisory guideline range was 188 to 235 months. However, noting the pending amendments to the Guidelines, the Court applied a lower range of 151 to 188 months' imprisonment. Using this reduced range, the Court sentenced Petitioner to 180 months and, pursuant to the plea agreement, dismissed the remaining counts against him. Doc. Nos. 273, 275.

## II. Petitioner's Motion

Petitioner now moves under 28 U.S.C. § 2255 for this Court to reduce his sentence from 15 years to under 10 years, which, he contends, was stipulated in his plea agreement. In support, he argues that a co-defendant stipulated that Petitioner did not participate in any drug dealings, another co-defendant received a lesser sentence, and he pled guilty to 246.3 grams rather than two pounds of methamphetamine. Petitioner also asks for a downward departure based on cultural assimilation, because he was in the United States for at least thirty years, raised children, maintained gainful employment and his role in a prior criminal offense was, in his words, minimal.

Under 28 U.S.C. § 2255 a Court must vacate, set aside, or correct a sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner here has not made the requisite showing that a reduction in his sentence under § 2255 is warranted. As an initial matter, Petitioner has waived his right to bring such a challenge. Doc. No. 201, at ¶ 8.

Moreover, Petitioner's request fails on the merits. Despite his current protestations, Petitioner stipulated to being responsible for two pounds of methamphetamine. Doc. No. 201 at ¶ 7. The Court chose to abide by this stipulation, rather than the PSR's recommendation of 44.09 kilograms of methamphetamine. Further, that a co-defendant, unidentified in Petitioner's motion, purportedly stipulated that

Petitioner was not participating in drug dealings is contradicted by Petitioner's own admissions contained in his plea agreement. Finally, Petitioner's contention that Iran Zamarripa received a lower sentence is simply untrue. *See* Case. No. 15-cr-00231, Doc. No. 157 (sentencing Zamarripa to 200 months).

Petitioner asks the Court for a downward departure based on cultural assimilation, apparently pursuant to U.S.S.G. § 2L1.2(b)(1)(C), Note 9. Such a departure is limited to illegal entry cases, or where "cultural assimilation has some bearing on the defendant's culpability for the particular offense at issue." *U.S. v. Marin*, 1 F. App'x 845 (10th Cir. 2001) (refusing to apply § 2L1.2 in a money-laundering case). Accordingly, such a departure is not appropriate in this case. Moreover, the Court would deny the request as cultural assimilation is not a basis to alter a sentence under § 2255. *See* 28 U.S.C. § 2255 (grounds alteration of sentence if "was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack").

### III. Certificate of Appealability

Finally, Petitioner is not entitled to a certificate of appealability ("COA"). Issuance of a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this showing by establishing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A petitioner need show

only that the issues raised are debatable among reasonable jurists; a court "should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief." *Id.* at 337. Here, Petitioner has not made a substantial showing of the denial of a constitutional right as required under § 2253(c)(2); thus he is not entitled to a COA.

**IV.   Conclusion**

For the foregoing reasons, Petitioner's motion (Doc. No. 309) is DENIED. The Court further finds that Petitioner is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(2). A separate judgment shall issue accordingly.

IT IS SO ORDERED, this 23rd day of March, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE