IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-12-247-R |
| SERGIO GARCIA-RIVAS, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion Requesting Reduction/Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). (Doc. No. 334). Therein Defendant requests that the Court reduce his sentence as a result of a recent amendment to the United States Sentencing Guidelines. For the reasons stated herein, Defendant's Motion is DENIED.

Mr. Garcia-Rivas pled guilty in this Court to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). For this offense, on May 8, 2014, the Court sentenced Defendant to 120 months in prison. Defendant did not pursue a direct appeal. He did, however, seek relief via 28 U.S.C. § 2255, which the Court denied on March 23, 2016. Defendant currently has an appeal pending regarding the denial of his Motion to Vacate. Defendant now seeks relief pursuant to § 3582 based on his allegedly minor role in the criminal offense. Specifically, he argues he is entitled to a minor role reduction based on new guidelines set forth in Amendment 794 of the federal sentencing

guidelines. In support of his request Defendant cites to the recent decision of the Ninth Circuit in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), wherein the court applied Amendment 794 retroactively on direct appeal to a defendant who had argued at sentencing, prior to the amendment, for a reduction based on his minor role.

Defendant is not entitled to relief under § 3582. Section 3582(c)(2) allows for a reduction in sentence if the Defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guideline amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 794, which amended § 3B1.2 of the United States Sentencing Guidelines ("USSG"), took effect on November 1, 2015, after Defendant's conviction became final. In general, the Court is required to use the guidelines manual in effect on the date a defendant is sentenced. *See Dorsey v. United States,* ___ U.S. ___, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The United States Sentencing Commission may, however, specify amendments are to be applied retroactively to all cases, including those on collateral review. *See* USSG. § 1B1.10(d) (2015) (listing retroactive guideline amendments). Section 1B1.10, which lists the Guidelines

amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, does not include Amendment 794. Accordingly, Mr. Garcia-Riva's motion for reduction under § 3582(c)(2) pursuant to Amendment 794 has no legal validity and must be dismissed. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

**IT IS SO ORDERED** this 19th day of October, 2016.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE