IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-12-247-R |
| ) | |
| ) | |
| SERGIO GARCIA-RIVAS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

The Court is in receipt of a letter filed on October 9, 2020,[1] Doc. No. 360, wherein Defendant Sergio Garcia Rivas ("Defendant") requests the Court to: i) notify him "if his 28 USC 2255 had rec[e]ived," ii) grant him relief under Rule 35, or iii) entitle him to compassionate release under 18 U.S.C. § 3582.[2] Each of Defendant's requests are dismissed for the following reasons.

First, Defendant states that he recently filed a Motion to Vacate under 28 U.S.C. § 2255, and that it 'has be[e]n past like (9) months without any answers." Doc. No. 360. However, Defendant most recently filed a Motion to Vacate on September 29, 2015. Doc. No. 309. Upon review, the Court denied Defendant's motion on March 23, 2016. Doc. No. 322. Furthermore, Defendant may not bring a second action under § 2255 without first

---

[1] The Court notes Defendant's inadequate form of briefing in its submission of a letter to the Court. While the Court construes *pro se* litigants' motions liberally, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), such filings must still take the form of a motion.

[2] Defendant is serving a 180-month sentence after pleading guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to the Federal Bureau of Prisons inmate locator, Defendant's release date is scheduled for May 22, 2025.

obtaining authorization from the United States Court of Appeals for the Tenth Circuit. *See* Antiterrorism and Affective Death Penalty Act of 1996, 28 U.S.C. § 2244(b).

Second, Defendant is not entitled to relief under Fed. R. Crim. P. 35. Under Rule 35, the Court may only "correct a sentence that resulted from … clear error" within "14 days after sentencing," or, "[u]pon the government's motion made within one year of sentencing, […] reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(a)-(b). The Defendant was sentenced over six years ago and the government has filed no motion here, therefore, Rule 35 is inapplicable.[3]

Lastly, Defendant is not entitled to relief under 18 U.S.C. § 3582. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The Act, passed in December of 2018, enables defendants to seek modification of a term of imprisonment directly from the Court in the event the BOP, via the warden, declines to file such a motion. *See* 18 U.S.C. § 3582(c)(1)(A). A defendant may seek relief only "after … fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…". 18 U.S.C. § 3582(c)(1)(A). Defendant does not represent that he requested that the warden file a compassionate release motion on his behalf. Accordingly, he has failed to meet the burden of showing complete exhaustion of all

---

[3] The Court previously denied Defendant's motion under Rule 35 in its order dated August 7, 2019, articulating the same pitfalls as Defendant's motion today. Doc. No. 359.

administrative rights to appeal. *See United States v. Caplinger*, No. CR-18-66-SLP, Doc. No. 175, at 4–5 (W.D. Okla. May 11, 2020) (finding under § 3582(c)(1)(A) that the defendant "bears the burden of showing that s[he] exhausted administrative remedies."). Thus, Defendant's request for compassionate release must be dismissed.

The Court may reduce a defendant's sentence only in limited circumstances, and Defendant has not shown that any of those circumstances apply to him here. The Court thus lacks jurisdiction to consider Defendant's requests and therefore, each of Defendant's requests is dismissed.

IT IS SO ORDERED this 14th day of October 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE