# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-12-247-R** |
| | ) | |
| **SERGIO GARCIA-RIVAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On October 1, 2021, The Court received a letter filed from Defendant requesting an order for a motion he sent several months ago. Additionally, Defendant seeks compassionate release based on the 18 U.S.C. § 3582(c). The Court has not received any correspondence or filings from Defendant since February 4, 2021, and therefore it cannot address the status of a motion allegedly mailed three months ago. The Court will, however, construe the remainder of the letter as a motion for compassionate release.[1]

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). "One such exception is contained in § 3582(c)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). Defendant does not specify whether he is requesting

---

[1] In accordance with the Tenth Circuit standard, the Court has a duty to liberally construe the arguments of *pro se* litigants including identifying his arguments despite his failure to properly cite legal authority or confusion as to his legal theory. However, it is not the role of the Court to serve as a *pro se* litigant's advocate. *See e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

compassionate release based on Sections 3582(c)(1) or 3582(c)(2). The Court will examine

each section in turn. According to Section 3582(c)(1)(A) Defendant must

> ha[ve] fully exhausted all administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of
> 30 days from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier . . . .

This requirement is mandatory and not judicially waivable. *United States v. Johnson*, 849

F. App'x 750, 753 (10th Cir. 2021). Here, Defendant has provided no evidence that he has

submitted a request for compassionate release to the warden, thereby initiating the first step

in the statutory process, before filing his request with the Court. *See United States v. Akers*,

855 F. App'x 465, 466 (10th Cir. 2021). The Court therefore DISMISSES what it construes

as Defendant's motion for compassionate release based on Section 3582(c)(1).

> Section 3582(c)(2) states in the relevant part,

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon
> motion of the defendant or the Director of the Bureau of Prisons, or on its
> own motion, the court may reduce the term of imprisonment . . . .

In interpreting this language, the Tenth Circuit found, "[Section 3582(c)(2)] would permit

jurisdiction only if [the defendant] could show that his guideline range had been lowered

by the United States Sentencing Commission." *United States v. Johnson*, 828 F. App'x 512

(10th Cir. 2020) (citing *e.g.*, *United States v. White*, 765 F.3d 1240, 1246, 1250 (10th Cir.

2014)). Defendant has not identified any applicable change in the sentencing guideline

made by the Sentencing Commission. Without such a basis for the Court to consider

Defendant's construed motion under Section 3582(c)(2), it DISMISSES Defendant's request for compassionate release based on that section.

For the above reasons, the Court DISMISSES Defendant's letter construed as a motion for compassionate release under Section 3582(c)(1) and Section 3582(c)(2).

IT IS SO ORDERED this 5th day of October 2021.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**